IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

LARRY YOUNG AND GLENN YOUNG, )
                                         )
        Plaintiffs, )
                                           )
vs.                                      )      Case No. 12-cv-0016-MJR
                                           )
DEBRA REED,                      )
                                           )
        Defendant. )

ORDER ON THRESHOLD JURISDICTIONAL REVIEW

REAGAN, District Judge:

        On November 22, 2011, Larry and Glenn Young filed suit against Debra Reed in

Franklin County Circuit Court, alleging personal injury arising from a vehicular accident.

Served on December 13, Reed timely removed the action to this federal district court pursuant to

the federal diversity statute, 28 U.S.C. 1332, which requires complete diversity of citizenship

among the parties plus an amount in controversy exceeding $75,000, exclusive of interest and

costs.

        The case was randomly assigned to the undersigned District Judge, whose first

task it is to verify that subject matter jurisdiction lies. *See Avila v. Pappas*, **591 F.3d 552, 553**

**(7th Cir. 2010)("The first question in every case is whether the court has jurisdiction");**

*Johnson v. Wattenbarger*, **361 F.3d 991, 992 (7th Cir. 2004)("All too often both litigants and**

**judges disregard their first duty in every suit: to determine the existence of subject-matter**

**jurisdiction.").**

        The removal notice properly alleges the amount in controversy but falls short as

to citizenship. Specifically, Reed alleges that "Larry G. Young is a resident of Williamson

County, Illinois"; "Glenn Young is a resident of Franklin County, Illinois"; and "Debra L. Reed is a resident of Lincoln County, Missouri."

However, there is a distinction between residing in and being a citizen of a particular state. Seventh Circuit law plainly holds that residence does not equate to citizenship, and the latter controls for jurisdictional purposes.  Pleading residence is inadequate to invoke diversity jurisdiction, the Seventh Circuit has emphatically and "repeatedly reminded litigants and district judges" alike. *Craig v. Ontario Corp*., **543 F.3d 872, 876 (7th Cir. 2008),** *citing Camico Mut. Ins. Co. v. Citizens Bank*, **474 F.3d 989, 992, and** *Meyerson v. Harrah's East Chicago Casino*, **299 F.3d 616, 617 (7th Cir. 2002).**

Accordingly, the Court **DIRECTS** Reed's counsel to file an Amended Removal Notice by January 31, 2012, plainly alleging all aspects of diversity jurisdiction, including the *citizenship* of all parties.

IT IS SO ORDERED.

DATED January 10, 2012

s/Michael J. Reagan
Michael J. Reagan
United States District Judge